# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: N.J.**

**No. 14-0362** (Calhoun County 13-JA-26)

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Teresa Monk, appeals the Circuit Court of Calhoun County's March 17, 2014, order that terminated his parental rights to N.J., his one-year-old son. The guardian ad litem for the child, Tony Morgan, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, Lee Niezgoda, filed a summary response and a supplemental appendix in support of the circuit court order. On appeal, Petitioner Father argues that the circuit court erred in terminating his parental rights because the DHHR failed to file a family case plan.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, the DHHR filed an abuse and neglect petition alleging that N.J. tested positive for marijuana and hydromorphone after he was born. The petition further alleged that Petitioner Father committed domestic violence against the biological mother in the presence of N.J. and failed to provide him with a safe, clean, and stable home. Thereafter, Petitioner Father stipulated that he was an abusive and neglectful parent because he committed domestic violence in the presence of N.J.

By order entered on July 22, 2013, the circuit court granted Petitioner Father a six-month post-adjudicatory improvement period. Petitioner Father was directed to participate in random drug screens, individualized therapy, domestic violence counseling, and substance abuse evaluation. By order entered on March 17, 2014, the circuit court terminated Petitioner Father's parental rights for failing to comply with the terms of his improvement period. In terminating Petitioner Father's parental rights, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because Petitioner Father failed to make any efforts to correct the problems that led to the filing of the petition.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's order terminating Petitioner Father's parental rights to N.J. While Petitioner Father argues that his due process rights were violated because the circuit court terminated his parental rights without requiring the DHHR to prepare a family case plan, the Court finds no merit in this argument.

This Court has held that "'[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings . . . has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.' Syl. Pt. 5, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001)." Syl. Pt. 6, *In re Elizabeth A.*, 217 W.Va. 197, 617 S.E.2d 547 (2005).

While the record on appeal is clear that the DHHR failed to timely file the child's case plan pursuant to Rule 29 of the Rules of Procedure for Child Abuse and Neglect Proceedings, the delay did not substantially frustrate the purpose of such procedural rules.[1] *See also* W. Va. R. Proc. for Child Abuse and Neglect Proceed. 2 ("These rules shall be liberally construed to achieve safe, stable, secure permanent homes for abused and/or neglected children and fairness to all litigants. These rules are not to be applied or enforced in any manner which will endanger or harm a child . . .").

The supplemental appendix includes a complete copy of Petitioner Father's family case plan that was developed in May of 2013. Importantly, this case plan includes Petitioner Father's signature dated November 11, 2013, acknowledging its terms. Additionally, the record before us shows that the DHHR filed a "Court Report" on January 13, 2014, informing Petitioner Father of the conditions that needed to be remedied in order for him to be reunified with his child. Both the signed family case plan and the January 13, 2014, "Court Report" were prepared more than five

---

[1]"Copies of the child's case plan shall be provided to the parties, their counsel, and persons entitled to notice and the right to be heard, at least five (5) judicial days prior to the disposition hearing." W. Va. R. Proc. for Child Abuse and Neglect Proceed. 29

judicial days in advance and clearly set forth the goals of Petitioner Father's improvement period.[2] The report further stated that a Child Protective Services worker met with Petitioner Father on October 21, 2013, to explain the terms of Petitioner Father's improvement period, and that he signed an agreement to participate in random drug screens. However, Petitioner Father failed to make the necessary improvements. During the dispositional hearing, DHHR worker Alecia Martin testified that Petitioner Father did not participate in individualized parenting and adult life skills classes, and failed to submit to random drug screens. Importantly, Ms. Martin testified that Petitioner Father stopped participating in all services in December of 2013. Furthermore, the circuit court found that Petitioner Father was informed of the goals of his improvement period as early as November of 2013. It is uncontroverted that a family case plan was developed and adequately communicated to Petitioner Father to achieve reunification with N.J.

As to termination of Petitioner Father's parental rights, the Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) states that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes situations where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . to reduce or prevent the abuse or neglect of the child . . . ." For the same reasons explained above, we find no substantial likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Petitioner Father began receiving services in October of 2013, but the testimony of a DHHR worker established that Petitioner Father ceased to participate in services in December of 2013. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

---

[2]The circuit court docket sheet reflects that the DHHR filed a family case plan on April 24, 2014. However, according to the transcript, the hearing upon which Petitioner Father's parental rights were terminated was held on April 13, 2014. For reasons unknown to this Court, the order terminating Petitioner Father's parental rights was entered on March 17, 2014. For the reasons set forth in the body of this decision, these discrepancies do not, under the limited circumstances of this case, create a reversible defect. "'The purpose of the family case plan . . . is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems.' Syl. Pt. 5, in part, *State ex rel. W.Va. Dep't. Of Human Servs. v. Cheryl M.*, 177 W.Va. 688, 356 S.E.2d 181 (1987)." Syl. Pt. 3, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). It is undisputed that that the plan was adequately conveyed to Petitioner Father and was designed to serve its intended purpose. Nevertheless, we admonish the DHHR for failing to follow the clearly established Rules of Procedure for Child Abuse and Neglect Proceedings.

Affirmed.

**ISSUED**:  September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II